# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AC MEDIA GROUP and ELIZABETH DUFEK, | |
| Plaintiffs, | Case No. 19-CV-1861-JPS |
| v. | |
| ISABEL MACCHIA, | **ORDER** |
| Defendant. | |

On December 19, 2019, Plaintiffs Elizabeth Dufek ("Dufek") and AC Media Group, LLC (collectively, "Plaintiffs") filed a complaint against Isabel Macchia ("Macchia") alleging violations of Wisconsin state law arising from an online business venture. The following day, Plaintiffs filed a motion for a temporary restraining order against Defendant, seeking reinstatement of financial and administrative control over the online company. (Docket #5).

Dufek is a Wisconsin citizen and Macchia is a citizen of Australia. AC Media Group, LLC is a Wisconsin-registered LLC whose sole members are Dufek and Macchia. For diversity purposes, an LLC has the citizenship of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Since Dufek is a citizen of Wisconsin and Macchia is a citizen of Australia, AC Media Group, LLC is a citizen of both Australia and Wisconsin.

The Court has serious reservations about its subject matter jurisdiction in this case. 28 U.S.C. § 1332(a)(2) confers jurisdiction over disputes involving an excess of $75,000.00 that arise between "citizens of a State and citizens or subjects of a foreign state." However, the Seventh

Circuit has held that "diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides." *Extra Equipamentos E. Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) (citing *Karazanos v. Madison Two Assoc.*, 147 F.3d 624, 627 (7th Cir. 1998); *Israel Aircraft Indus. Ltd. v. Sanwa Bus. Credit Corp.*, 16 F.3d 198, 202 (7th Cir. 1994); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993)). Since there is an American party on one side of the action and foreign parties on both sides, there does not appear to be diversity jurisdiction.

This rule is not to be confused with the Seventh Circuit's holding that "the presence of foreigners on both sides of a diversity case does not destroy diversity" in a case between diverse domestic citizens. *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003). *Tango* has been interpreted to stand for the proposition that "having citizens of the same foreign state on both sides of a case will not defeat diversity *if there are diverse American citizens on both sides of the case.*" *Wu v. Ryder Truck Rental, Inc.*, 561 F. Supp. 2d 1061, 1063 (E.D. Mo. 2008) (emphasis added). That does not appear to be the case here, where there are Australian citizens on both sides of the case, and an American citizen on one side only.

Federal courts are courts of limited jurisdiction. Therefore, before the Court can address Plaintiffs' pending motion for a temporary restraining order (Docket #5), the jurisdictional issue must be resolved. If Plaintiffs would like to proceed in federal court, they must submit briefing that addresses the Court's grounds for subject matter jurisdiction. In the alternative, Plaintiffs may amend the complaint to satisfy traditional diversity requirements or voluntarily dismiss the case and re-file it in a Wisconsin state court.

Accordingly,

**IT IS ORDERED** that Plaintiffs submit briefing on the issue of the Court's subject matter jurisdiction no later than **December 30, 2019**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge