# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AC MEDIA GROUP and ELIZABETH DUFEK, <br><br> Plaintiffs, <br><br> v. <br><br> ISABEL MACCHIA, <br><br> Defendant. | Case No. 19-CV-1861-JPS <br><br> **ORDER** |

This case has been lingering on the Court's docket since December 19, 2019. ECF No. 1. The parties and the Court have spent countless hours litigating this matter, and the parties appear to be largely uncooperative with each other—for matters as simple as discovery requests. *See* ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44. This Order addresses Plaintiffs' motion for attorney fees and Defendant's motion to dismiss and schedules this case for trial.

### 1. MOTION FOR ATTORNEY FEES[1]

---

[1] Defendant (admittedly) failed to timely respond to Plaintiffs' motion for attorney fees. ECF No. 44. In response, Plaintiffs moved to strike Defendant's response brief. ECF No. 43. According to Defendant's counsel, "[i]n calendaring the response, [he] erroneously relied on an earlier version (circa 2015) of Fed. R. Civ. P. 6(d), which added three days to the deadline for documents filed electronically with the Court." ECF No. 44. The Court prefers not to address motions without considering responses; further, Plaintiffs have no argument that they were prejudiced by the tardy response. The Court will deny their motion to strike. *See Birch v. Kim*, 977 F. Supp. 926, 929 (S.D. Ind. 1997) ("Defendant's filing was only five days late . . . [and] while Plaintiff is not required to prove prejudice . . . it is clear that Plaintiff is not substantially prejudiced by the Court's acceptance of Defendant's reply brief."). The Court notes, however, that the late response and yet another motion underscore the Court's understanding that this case is being litigated poorly.

Federal Rules of Civil Procedure 37 states that "[i]f [a] motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The Court may not order the payment if the movant failed to make a good faith attempt to obtain the discovery without court action, "the opposing party's nondisclosure . . . was substantially justified," or "other circumstances make an award of expenses unjust." *Id.*

Prior to the Court's involvement in the parties' discovery dispute, Plaintiffs had provided Defendant with two extensions of their agreed-to discovery deadlines. ECF No. 41 at 3. Defendant accuses Plaintiffs of never contacting her after the expiration of the second extension agreement. Defendant complains multiple times that, upon expiration of the second extension deadline, Plaintiffs' motion to compel was "immediately in process" and filed only a few days later. *Id.* Defendant notes that it is best practice for the party seeking to compel to request a pre-motion hearing before the tribunal. *Id.* (citing Civ. L.R. 37, Committee Comment; "Under Fed. R. Civ. P. 16(b)(3)(B)(v) effective December 1, 2015, absent contrary Congressional action, practitioners are encouraged to seek a pre-motion conference with the Court."). Thus, Defendant argues, Plaintiffs failed to make a good faith effort to avoid a motion to compel. *Id.* at 4–5.

First, after the passing of the time allotted by the second extension to disclose discovery, Plaintiffs were within their rights to seek an order to compel. While the Court prefers that litigants handle their own discovery deadlines, it was not unreasonable for Plaintiffs to seek help from the Court

after Defendant failed to turn over discovery after already being given two extensions. As the Court earlier noted, this case has been pending for years, and time-zone differences (one of Defendant's key responses as to why discovery was not being processed) are an easily surmounted obstacle in the modern era and a poor excuse for failing to engage in timely discovery. *See* ECF No. 38. Additionally, Defense counsel's troubles with PDF software are unimpressive given that he has had months—if not years—to organize electronic documents in this case.

Second, while some courts may readily schedule pre-motion hearings, this Court does not. With thirty-five years of experience overseeing litigation, the Court has found that written motion practice is often more thorough and less resource heavy. In this branch of the Court, hearings (telephonic or in-person) are reserved for only those matters that demonstrate a particular need for the presence the Judge, a law clerk, a court security officer, and a court reporter. The Court would not have granted the request for a pre-motion hearing on this matter.

Third, if Defendant was truly concerned about the Court's time, she also had plenty of opportunity to void the need for the Court to address Plaintiffs' motion: the Court did not address Plaintiffs' motion to compel for two months after full briefing, and Defendant did not turn over discovery until after receipt of the Court's order. ECF No. 41 at 2. If Defendant was, as she claims, being agreeable with discovery and simply needed more time, she received plenty of it and still failed to act until the Court entered an order. It is not unjust for the Court to award expenses in this matter.

Plaintiffs request $4,865.00 in attorney fees for dealing with the discovery dispute. Plaintiffs' attorney, Shannon McDonald, states that he

bills this matter at $350 an hour and that he spent 13.9 hours on the discovery dispute, including drafting the motion to compel, its supporting declarations, and the brief in support, talking with opposing counsel, reviewing Defendant's response, conferring with his clients, and drafting a reply brief. Attorney McDonald provided a detailed breakdown of his hours. ECF No. 40-1. None of the itemized entries are unreasonable. For example, it is not unreasonable that an attorney spent a combined eight hours—one day—researching, drafting, editing, and filing a six-page motion and accompanying declarations. *Id.*; *see* ECF Nos. 33, 34, 35. Further, Defendant's only objection to Attorney McDonald's fee of $350 an hour is that Defendant's attorney charges nearly $100 an hour less. ECF No. 41 at 7. This is not a compelling argument. The Court will grant Plaintiffs' motion for attorney fees and order Defendant and her attorney to pay $4,865.00 in attorney fees.

**2.    MOTION TO DISMISS**

To begin, subject-matter jurisdiction in this case has been one of the Court's concerns since day one. On December 23, 2019, the Court ordered the parties to brief the diversity requirement for subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2). ECF No. 10. On December 27, 2019, Plaintiffs resolved the diversity issue by filing an amended complaint that clarified the citizenship of the parties. ECF Nos. 11, 12. Thereafter, on March 9, 2020, Defendant filed a motion to dismiss for "lack of jurisdiction." ECF No. 15. In her motion, Defendant discussed both personal and subject-matter jurisdiction (specifically, the amount in controversy requirement), but, in her brief in support, Defendant made no mention of the amount-in-controversy issue. ECF Nos. 15, 16. Concerned about its jurisdiction, the Court denied the motion without prejudice, explaining that the Court

would not proceed to the issue of personal jurisdiction until it was certain that it had authority to preside over the case. ECF No. 28 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (noting that, with a limited exception for "straightforward personal jurisdiction issue[s] presenting no complex question of state law," a court disposing of a case on personal jurisdiction grounds "should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved")).

The case lay dormant without word from the parties until the summer, when the Court set a status hearing. At the July 20, 2021 hearing, counsel for Defendant represented that Defendant would be filing a second motion to dismiss on personal jurisdiction grounds and abandoning discussion of subject-matter jurisdiction. ECF No. 31. The Court then explained its dispositive motion protocols to the parties, which required that the parties meet and confer to draft a joint statement of material facts. *Id.* at 4–7. The Court noted that it has seen, with increasing regularity, lawyers who "do not have a sufficient command of the facts of their case . . . such that the Court never quite gets to a full appreciation or understanding of the facts because they're obfuscated by either the one side or the other and in some cases both sides." *Id.* at 4–5. The Court warned the parties that it would not engage in an "archaeological dig[,] ferreting out facts[,] or a truffle hunt[,] looking for facts that may not have been fully disclosed either because the lawyers were unmindful of their obligations when it comes to elements of a claim or defense or personal jurisdiction, such that they're unprepared." *Id.* at 6.

On April 1, 2022, Defendant filed a second motion to dismiss for lack of jurisdiction. ECF No. 45. Upon receipt, the Court's first concern was whether this case met the amount-in-controversy requirement; as all parties

Page 5 of 16
Case 2:19-cv-01861-JPS   Filed 06/29/22   Page 5 of 16   Document 53

know, no party can waive subject-matter jurisdiction simply because they do not brief the issue. However, while Defendant did not brief this issue, the Court's concerns were assuaged when Plaintiffs' brief alleged that damages in this matter continue to total over $10,000 a month. ECF No. 49 at 10.

The Court's next concern was that the parties had *totally failed* to comply with its dispositive-motions protocols. The parties themselves recognized this failure and spent significant portions of their briefs bickering about which side was at fault for this failure. *See* ECF Nos. 46 at 8–9, 49 at 1–3, 50 at 1–2. Wishing to move this case forward despite the parties' omission of a joint statement of facts, the Court endeavored to discern the facts and draft a complete statement of facts on its own. The Court compared the parties' statement of facts, devised timelines based on the parties' declarations and attachments thereto, and attempted to separate legal arguments out of the submitted fact sections (specifically, out of Defendant's fact section, ECF No. 46 at 10–13). At a certain point, however, the exercise became burdensome and wholly outside the scope of the Court's job—it became an archaeological dig through the record. At this stage of litigation, the Court's job is to sit as decisionmaker of the parties' legal arguments—not to become the composer of the facts. In a case like the present, the jurisdictional facts should be undisputed and easily separated from legal arguments: what were Defendant's contacts with the state of Wisconsin? Instead, the parties tasked the Court's with reviewing discovery to craft a narrative statement of facts.

There is nothing so unique about this case that would give rise to the level of contention that now exists. But the antagonistic relationship

between the parties appears to have infected the ability of counsel to engage in meaningful discussion.

Satisfied that it has subject-matter jurisdiction, and because the parties were unable to comply with the Court's order, the Court will deny Defendant's motion to dismiss.

**3.      TRIAL SCHEDULING ORDER**

The Court is done reviewing written dispositive motions from the parties. Although the parties remain free to prolong their disputes so long as their resources and time permit, this Court will not find itself cast in the role of providing a safe harbor to do so. At the same time, mediocrity, animated with a lack of attention to detail, resulting in ineffective preparation and runaway costs, has no place in the skill set of any practicing member of the bar holding themselves out as an officer of the Court. This case will proceed to trial in the Eastern District of Wisconsin as follows:

| | |
|---|---|
| **FINAL SETTLEMENT REPORT:** | **Tuesday, October 25, 2022** |
| **MOTIONS IN LIMINE:** | **Tuesday, November 1, 2022** |
| **RULE 702 MOTIONS:** | **Tuesday, November 1, 2022** |
| **FINAL JOINT PRETRIAL REPORT:** | **Monday, November 7, 2022 at 2:00 PM** |
| **FINAL PRETRIAL CONFERENCE:** | **Tuesday, November 15, 2022 at 8:30 AM** |
| **JURY TRIAL:** | **Monday, November 28, 2022 at 8:30 AM** |

All counsel who will actually try this case must meet and confer in person with the goal of jointly preparing a single final pretrial report, the

principal burden for the filing of which rests with counsel for the plaintiffs. The Court further requires that the principal attorney for each party attend the final pretrial conference in person. Consistent with the facts and law applicable to the case, the final pretrial report must separately address each of the nine (9) enumerated items found in Civil Local Rule 16(c)(1). In addition, a hard copy of the report bearing the original inked signatures of counsel who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits, including all documents and a photograph of each physical exhibit. The documents included on the thumb drives must be text-searchable. The signed pretrial report and thumb drives are due at the same time as the electronically filed version.

In preparing the final pretrial report, counsel and their respective clients should carefully read and study with care each of the following ten (10) mandatory requirements:

1. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L.R. 26. All exhibits must be disclosed, either in paper or electronic format, to opposing counsel prior to the final pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange. If an identical exhibit is to be used jointly by the parties during the course of trial, the exhibit should only be marked once, whether by the plaintiffs or defendant, and introduced into evidence once, whether by one party or jointly. Further, counsel for the parties must jointly prepare a single exhibit list. This exhibit list should be prepared

using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The plaintiffs' exhibits should be listed first, in numerical order, followed immediately by the defendant's exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

3. Save for essential physical exhibits, all evidence is to be presented in an electronic format. The parties should be mindful of this requirement during the discovery process. After the final pretrial conference is concluded, the Court's information technology staff can provide a tutorial on interfacing with the Court's electronic presentation system. The only printed copies of exhibits that should be brought to the courtroom for trial are: (a) those created for the parties' own use at counsel's table, and (b) a single copy of each exhibit for the Court to provide to the jury for its deliberations (if necessary).

4. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties' joint proposed jury instructions.

5. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed

instruction as well as the verdict form must be tailored to the facts, edited, and formatted precisely as counsel would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable. This branch of the Court has a longstanding policy of utilizing the Federal Civil Jury Instructions of the Seventh Circuit, to the extent they are applicable to the facts and legal issues attendant to the parties' claims and defenses. If no Seventh Circuit instruction addresses the relevant issues, the Court generally relies on secondary authority, including O'Malley's Federal Jury Practice and Instructions, and Matthew Bender's Modern Federal Jury Instructions.

6. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, counsel must include the separate proposed instruction(s) and/or verdict question(s) as part of the final pretrial report submissions. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party proposing the instruction and/or verdict question. The final pretrial report must also include a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to a proposed instruction or verdict question must be included in the final pretrial report. In accordance with Civil

Local Rule 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the Court to be sufficient cause to grant the requested instruction or verdict question. The Court contemplates that the joint drafting process for the instructions and verdict form, like the rest of the final pretrial report, will be conducted by counsel in person so that their differences on the instructions and verdict form may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

7. Any motions in limine should consist of one jointly drafted document signed by counsel for both parties. The motion should begin with a statement of the issue presented and a brief, neutral recitation of the relevant facts. The movant should then offer its arguments in favor of the motion, followed by the non-movant's responses thereto. The Court contemplates that this joint drafting process will be conducted by counsel in person so that their differences on the subjects of the motions may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

8. Any Rule 702 motions should be accompanied by a supporting memorandum of law. Responses to any such motions must be filed within seven (7) days. No reply briefs are permitted. As with the motions in limine, the Court expects that the parties will confer in person prior to the filing of Rule 702 motions and fully

explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

9. As officers of the court, counsel have an obligation to discuss the anticipated filing of pretrial motions directly with opposing counsel, as, more often than not, such matters are best resolved informally with open communications between counsel without the necessity of court intervention. The Court notes that "to discuss" requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Therefore, when filed, all pretrial motions must include a separate certification prepared by movant's counsel stating that, after personal consultation with counsel for the party opposed to the motion, and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the Court expects the parties to confer several times and document those conferences before raising a pretrial motion before the Court. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the motion.

10. With regard to memoranda of law submitted to the Court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the Court makes the following suggestions, which will serve to aid the Court in efficiently addressing such matters:

    a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of

each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony, enabling the Court to easily locate that deposition, instead of engaging in an archeological dig to locate the source from which the specific excerpt may have been drawn.

b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

c. All parties should agree on a given citation system. No party should refer to a document by a different moniker than that by which the other parties refer to the same document. The Court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The Court also encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow. When viewing the electronic docket, it should be obvious which documents are responsive to (or in support of) another document, as well as the identity of such other document.

d. All documents submitted to the Court electronically should be in an electronically-searchable format. If any documents are filed under seal, a thumb drive containing electronically-searchable PDF versions of the files should be provided to the Clerk's Office so that the Court will have access to all the

documents, including those filed under seal, in an electronically searchable format.

e. Counsel shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so in accordance with the terms of this Order.

As the parties and their counsel endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid, open manner, and make a good faith effort toward settlement of the case in its entirety.

In recognition of the Court's limited resources and an ever burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation, the Court finds it prudent to require that counsel and their respective clients seriously undertake all appropriate measures, including utilizing the services of a randomly assigned magistrate judge, or another outside, third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and their respective clients wish to avail themselves of the services of the randomly assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, counsel must take appropriate steps to jointly request that the Court make such a referral.

Accordingly, the Court finds it prudent to direct that counsel for the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. However, the Court preemptively warns the parties that it will not stay the

trial or any other deadlines while the parties explore settlement in this matter. The Court will further direct that counsel for the plaintiffs file with the Court a final settlement report generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. Such report shall be filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the settlement report is necessary.

Where not otherwise specified by the Court, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules. **Motions for extensions of time will not be looked upon favorably.** Motions to dismiss are always considered but rarely granted. The parties and their counsel are bound by the dates set in the trial scheduling order, and no extensions or continuances will be granted without good cause shown.

Finally, the Court readily acknowledges and well appreciates the fact that, in this branch, preparation of a case requires a substantial commitment of time and resources. The parties ought not treat the Court's directives lightly. In the final analysis, adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

**IT IS ORDERED** that Plaintiffs' motion for attorney fees, ECF No. 39, be and the same is hereby **GRANTED**. Defendant and her attorney are ordered to pay $4,865.00 in attorney fees to Plaintiffs;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike, ECF No. 43, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, ECF No. 45, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge